UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____

MICHAEL JAAFAR,

      Plaintiff,

                                  Civil Action No. 2:18-cv-13933

vs.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
& TRANSUNION LLC,

      Defendants.

_____

## CIVIL COMPLAINT

NOW COMES Plaintiff, by counsel, for his Complaint for damages against Defendant Equifax Information Services, LLC ("Equifax"), Experian information Solutions, LLC ("Experian") and TransUnion LLC ("TransUnion") (collectively, "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction because this action arises out of violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper pursuant to 15 U.S.C. 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

2. Venue in the United States District Court for the Eastern District of Michigan is proper because Defendants regularly transact business within this District and is otherwise subject to personal jurisdiction in this District.

## PARTIES

3. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

4. Plaintiff is an individual who resides in Wayne County Michigan.

5. Upon information and belief, Defendant, Experian Information Solutions, LLC ("Experian"), is an Ohio limited liability company authorized to do business in the State of Michigan through its registered offices at 30600 Telegraph Road, Suite 2345, Bingham Farms, MI 48025.

6. Upon information and belief, Defendant, Trans Union, LLC ("Trans Union"), is a Delaware limited liability company that authorized to do business in the State of Michigan through its registered offices at 601 Abbott Road, East Lansing, MI 48823.

7. Upon information and belief, Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company authorized to do business in the State of Michigan through its registered offices at 601 Abbott Road, East Lansing, MI 48823.

8. During all time pertinent to this Complaint, Defendants were authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

9. The Defendants are each a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. During all time pertinent to this Complaint, the Defendants regularly furnished consumer reports to third parties for monetary compensation, fees and other dues.

10. During all time pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

11. Any violations by Defendants as set forth in this Complaint were not in good faith, knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

13. Plaintiff's Equifax, Experian and TransUnion disclosures contains incorrect and incorrect account information regarding one or more accounts, including GM Financial.

14. Plaintiff formally disputed the GM Financial tradeline by sending each of the Defendants letters advising them that their reporting of a past due status and payment history are incorrect and inaccurate, and requesting correction of this information.

15. Following Plaintiff's dispute, Defendants failed to reasonably investigate or otherwise take corrective measures.

16. Specifically, Equifax and TransUnion maintaining the same inaccurate reporting after processing Plaintiff's dispute. Furthermore, Experian incorrectly reported the GM Financial account as open, when it was in fact closed.

17. Consequently, Plaintiff has suffered damages, including credit impairment, higher financing charges, and higher insurance premiums.

**COUNT ONE**
VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681
Equifax, TransUnion

18. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

19. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system.  Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.,

to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

20. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer information. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

21. The Defendants violated 15 U.S.C. §§ 1681(i) by failing to perform a reasonable reinvestigation of Plaintiff's dispute, even though Plaintiff provided Defendants the necessary information regarding the disputed information and Defendants should have performed a reasonable investigation.

22. The Defendants unreasonably refused to take corrective measures required by the FCRA to correct, update, and/or remove the inaccurate GM Financial account from Plaintiff's consumer disclosures.

23. The Defendants are the direct and proximate cause, as well as a substantial factor in causing damages and harm to Plaintiff. Consequently, the Defendants are liable for statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681n.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant for the following:

Fair Credit Reporting Act Violations

(a) Damages pursuant to 15 U.S.C. § 1681n(a)(1) and § 1681o(a)(1);

(b) Punitive damages as the Court may allow pursuant to 15 U.S.C. §§ 1681n(a)(2);

(c) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(1); and

(d) Such other and further relief as this Honorable Court may deem just and proper, including post-judgment interest.

## JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

Respectfully submitted,

**JAAFAR LAW GROUP PLLC**

/s/ David Ienna
David Ienna (P77170)
Attorney for Plaintiff
1 Parklane Blvd, Suite 729 East
Dearborn, MI 48126
(313) 918-1706
david@fairmaxlaw.com

Dated:     December 17, 2018